. The opinion of the court was delivered by
Spencer, J.
Plaintiffs in this suit, the children and heirs of Hypoite Méche, deceased, late of the parish of St. Landry, alleging themselves, as heirs aforesaid, to be.owners of certain movable property in the possession of defendant, as the administrator of the estate of one Thomas Moore, deceased, late of said parish, seek to recover the same from the defendant. Their demand to be declared owners, and to be put in possession thereof, is accompanied by a writ of sequestration..
The answer of defendant to plaintiffs’ petition is a general denial, an averment that the property had always been in the possession of the deceased, Moore, and that the pretended act declared on was fraudulent and simulated. Mrs. Alfred Moore intervened, alleging that she was a privileged creditor of the estate of Thomas Moore, for a large amount, and an ordinary creditor for a considerable sum; but she specifies no *1137 amounts whatever. She joins the defendant, and prays that plaintiffs’ demands be rejected.
Upon these issues the case was tried. The district judge, afteran able and exhaustive review of the facts and law of the case, gave judgment for plaintiffs, and the defendant and intervenor appeal.
The basis of plaintiffs’ claim is an act of sale, sous seing privé, of date May 1,1871, whereby Thomas Moore sells to Hypolite Méche, for $1550 cash, the property in controversy; consisting of improvements on a certain tract of land, and a lot of cattle, horses, and other stock. This act appears to have been'recorded, but the date of its registry is not given. On the trial it was offered and received in evidence, without objection. We think that its execution is sufficiently proven by the testimony of Simeon Richard and Honoré Meche, two of the attesting witnesses. Its date is also shown, inferentially, to have been about that which it bears, by the testimony of Honoré Meche, who says that about five years ago he worked-a piece of the Thomas Moore land — that this was after the sale to Hypolite Méche by Moore. It also appears that this property was for several years assessed to Méche — that his son worked part of it without rent, and rented out part of it to one Willis. It is also shown that Moore on several occasions declined to give in the property for assessment as his, saying it belonged to Méche, and repeatedly stated that Meche was its owner. It is also shown that prior to this sale Méche paid some considerable debts of Moore’s, and that on the day of sale he paid him quite an amount in cash.
On the part of the defense it is shown that Moore continued in the possession of the property sold, but, it seems, disclaimed ownership, saying that Meche let him use it for a livelihood. Mrs. Alfred Moore, the-cook and housekeeper of Thomas Moore, and, we are informed, an ignorant colored woman, testifies to various declarations of Moore and oneTrask among themselves going to show that'the sale was a simulation. In fact, in this case as in all others like it, there is much contradictory swearing; and it would be unsafe for this court, which has no personal knowledge of these witnesses, and did not hear their testimony, to undertake, without grave reasons, to say that the learned judge of the court below erred in weighing their testimony.
In fact, the only circumstance in the case which in our opinion seriously militates against plaintiffs’ demand is the continued possession of Moore. But this is a contest between the estate of Moore, who was the vendor, and Méche, the vendee. The rule is that, as between the vendor and his heirs not forced and the vendee and his heirs, a counter letter is the only evidence admissible of simulation. True, the creditors of the vendor and, therefore, his administrator, may, by alleging and proving injury to themselves, criticise and attack the sale as simulated, and *1138 resort to parol proof of it. But before a creditor of the vendor can annul his acts as simulated it must appear that it injures the creditor, and that his debt existed before the execution of the act complained of.
We have examined with care.the evidence in this case, and think that the conclusion of the district judge should be maintained. He properly dismissed the intervenor, who neither alleged nor proved any specific amount of indebtedness. Of course, no evidence can be received in this court. Hence, the oath of the intervenor as to the nature and amount of her claim, filed for the first time in this court, must he disregarded.
It is therefore ordered, adjudged, and decreed by the court that the judgment appealed from be affirmed with costs of both courts,